THOMAS P. BEKO, ESQ. (#002653)
ERICKSON, THORPE & SWAINSTON, LTD.
99 West Arroyo Street
P.O. Box 3559
Reno, Nevada 89505
Telephone: (775) 786-3930
*Attorney for Defendant* NYE COUNTY SCHOOL DISTRICT

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JONATHAN McNEAL, a minor, by and through his natural parents, Tammie McNeal and Kevin McNeal,<br><br>Plaintiff,<br><br>vs.<br><br>NYE COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada; SARAH HOPKINS, individually; HOLLY LEPISTO, individually; PHYLLIS DUSHANE, individually; KATHRYN CUMMINGS, individually,<br><br>Defendants.<br>_____/ | Case No.: 2:12-cv-01717-GMN-CWH |

## STIPULATED PROTECTIVE ORDER

To adequately protect material entitled to be kept confidential, pursuant to the Court's authority under Federal Rule of Civil Procedure ("Fed.R.Civ.Proc.") 26(c) and with the consent of the parties hereto, it is hereby ORDERED:

**1.    Definitions.**

For purposes of this Order, the following terms shall have the following means:

a.    "Document" shall include all materials, electronic information and tangible things defined as broadly as permitted under Fed.R.Civ.Proc. 34.

b.    "Pleadings" shall refer to all papers, motions, exhibits, etc., filed with the Court;

c.  "Party" or "Parties" shall mean the parties to this action, their current and former officers, employees, agents, attorneys, affiliates and subsidiaries.

d.  "Confidential Information" shall mean and include information within the scope of Fed.R.Civ.Proc. 26(c), or which is a trade secret, proprietary, confidential commercial or business information, or otherwise confidential or private and subject to protection under the Federal Rules of Civil Procedure or Nevada law. Confidential information includes, but is not limited to, documents that are designated as Confidential in accordance with this Order, information contained within such documents, and documents, such as pleadings and discovery responses, that incorporate such information. Confidential information also includes all information to be redacted under Fed.R.Civ.Proc. 5.2.

e.  "Receiving Party" shall mean a party that receives confidential information.

**2. Designating Protected Material.** A party or non-party may designate information disclosed during a deposition or in response to written discovery as "Confidential." All confidentiality designations for documents shall be made in good faith by the parties at the time documents are produced, provided that the inadvertent failure to so designate does not constitute a waiver of any right to make such a designation. The parties may designate documents as "Confidential" after such documents have been produced, with the effect that such documents are thereafter subject to the protections of this Protective Order, unless such documents have already been used in a non-confidential manner by the party seeking to designate them as "Confidential." Documents designated "Confidential" shall be so marked by affixing the legend "CONFIDENTIAL" or similar confidential designation on each page containing any confidential information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies.

**3. Basic Disclosure Principles.** Neither the Parties nor their counsel shall permit disclosure of confidential information to anyone except as provided by this Order, and only after the conditions stated in this Order have been met.

In the event that the matter of <u>JONATHAN MCNEAL, a minor, by and through his natural parents, Tammie McNeal and Kevin McNeal, Plaintiff, v. NYE COUNTY SCHOOL</u>

DISTRICT, a political subdivision of the State of Nevada; SARAH HOPKINS, individually; HOLLY LEPISTO, individually; PHYLLIS DUSHANE, individually; KATHRYN CUMMINGS, individually; Defendants, United States District Court for the District of Nevada, Case No. 2:12-cv-01717-GMN-CWH, is consolidated with any other matter, no party to this stipulation will disclose documents designated as confidential pursuant to this stipulation to any additional party, until that party or counsel for that party has agreed to be bound by this stipulation and order.

4. **Disclosure of Confidential Information.** Confidential information may not be disclosed to any person except:

    a. Any party;

    b. Counsel for any party, including their paralegals and clerical staff, experts, consultants and in-house counsel;

    c. Experts (whether consulting or testimonial) in this action to whom disclosure is reasonably necessary to the conduct of this action, provided that experts shall not have access to confidential information without having first read, acknowledged, and agreed to be bound by this Order by executing the Agreement to be Bound by Protective Order attached as Exhibit A;

    d. The Court and its personnel;

    e. Court reporters engaged for depositions, hearings or trial;

    f. Witnesses in this action to the extent necessary for the conduct of this litigation and who have first signed the Agreement to be Bound by Protective Order attached as Exhibit A;

    g. The author(s) or any recipient of the document or the original source of the information in any document;

    h. Professional vendors that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, etc.) and their employees who have first signed the Agreement to be Bound by Protective Order attached as Exhibit A;

i. Mediators or other individuals utilized for dispute resolution in this matter who have first signed the Agreement to be Bound by Protective Order attached as Exhibit A; and

j. Any individual who attends a hearing or trial where confidential information is utilized.

5. **Use of Confidential Information Generally.** Confidential information shall only be used for purposes of this action. The persons or entities identified in Paragraph (a)-(i), above, to whom confidential information is disclosed pursuant to this Order shall not make any copies of or use such confidential information for any purpose, whatsoever, except those related to this action.

6. **Designation of Deposition Testimony.** If in any deposition there is testimony about, or an exhibit containing, confidential information, the portions of the transcript involving confidential information shall be separately bound and such separately bound transcript shall prominently disclose that the transcript contains confidential information. Any such transcript shall be handled like any other document that contains confidential information.

7. **Filing of Materials Containing Confidential Information.** When a party intends to file with the Court, or otherwise introduce into evidence, any documents, testimony, or any other material containing confidential information, counsel for the filing or offering party shall notify counsel for all other parties of such intent. Such notification shall be made within a reasonable time not less than two business days before filing, such that any other party has an opportunity to object to the necessity of the disclosure of the document as presented and to work out an acceptable alternative to the proposed disclosure. For ex parte applications or other filings where two business days' notice is not practical or feasible, the filing party shall notify all other parties of its intent as soon as reasonably possible. The parties shall endeavor to reach agreement on any redactions or other methods which may be available to permit the filing or introduction of the confidential information with the Court, such that the evidentiary objectives of the offering party can be met without

disclosure of confidential information.

8. **Filing Under Seal.** No party or non-party shall file or submit for filing as part of the Court record any documents under seal without first obtaining leave of Court. Notwithstanding any agreement among the parties, the party or non-party seeking to file a document under seal bears the burden of overcoming the presumption in favor of public access to papers filed in Court. Provided the Court gives a party or non-party leave to file or submit for filing documents under seal, any such filing or submission for filing under seal shall be in a sealed envelope bearing the designation "Confidential: Subject to Protective Order." All filings and submissions for filing under seal shall comply with the Electronic Case Filing Administrative Policies and Procedures Manual of the District Court for the District of Nevada. Any document filed under seal must be emailed directly to opposing counsel, as such a document will not appear on the United States Court's CM/ECF system, and the party making the filing shall notify opposing counsel of the document number of the filing.

9. **Duration.** This Order shall continue to be binding throughout and after the conclusion of this action, including any appeal thereof. This Order, as an Agreement, shall remain in effect until all confidential information is returned to the originating party or destroyed, as provided below. Within thirty (30) days after termination of this action by dismissal, final non-appealable judgment or otherwise, each party shall return to counsel for the originating party all information designated confidential information under this Order, including all copies, prints, excerpts, and other reproductions of said information, however generated or maintained. In the alternative, counsel for any party receiving confidential information may supervise the destruction of all confidential information, including all copies, prints, excerpts, and other reproductions of said information, however generated or maintained. Counsel shall then advise counsel for the originating party in writing that all confidential information, including all copies, prints, excerpts, and other reproductions of said information, however generated or maintained, have been destroyed or returned, except for th ecopies of documents that were filed with the Court, as they are maintained and

eventually destroyed pursuant to the firm's document destruction policies.

**10.     Limiting Disclosure.** All reasonable efforts shall be made by counsel of record to limit disclosure of confidential information to the minimum number of persons necessary to conduct this action.

**11.     Challenges to Confidential Designation.** In the event any receiving party disagrees with any designation of confidentiality, such party shall attempt to resolve such dispute with the designating party on an informal basis. If the dispute is not resolved informally, the receiving party, by motion, may contest the confidential designation. Pending resolution of the motion, the disputed material will continue to be treated as confidential. If the Court determines that any materials are not entitled to confidential treatment, confidentiality will nonetheless be maintained for fifteen (15) days subsequent to the Court's decision unless the Court, upon motion and for good reason shown, shall reduce or lengthen the time.

**12.     Declassification.** The restrictions on disclosure and use of confidential information set forth herein shall not continue to apply to information, which, at the time of disclosure, or thereafter, becomes a part of the public domain by publication or otherwise, other than as a result of a wrongful act or failure to act on the part of the party claiming this exclusion. However, the restrictions shall continue to apply if such publication or other disclosure results from criminal, tortious or otherwise unlawful acts or omissions. A party seeking to declassify material designated as confidential information may move the Court for a ruling that the material is not entitled to such status and protection.

**13.     Right to Assert Other Objections.** This Order shall not be construed as requiring the parties to produce information or documents which are privileged or otherwise protected from discovery by the Federal Rules of Civil Procedure.

**14.     Use During Trial.** This Order is intended to govern the exchange and use of materials, information and documents during discovery, trial preparation, and post-trial proceedings. Questions regarding the use of confidential information during the trial of this action, if any, will be addressed by the Court at a later time prior to or during trial, after

1  reasonable notice to the parties.

2      **15.**    **Subpoena or Order.** If a party is served with a subpoena or an order issued
3  in other litigation or in any other context that would compel disclosure of any confidential
4  information, counsel for such party must so notify counsel for the originating party in writing
5  immediately, and in no event more than three court days after receiving the subpoena or
6  order. Counsel for such party must also inform in writing the party who caused such
7  subpoena or order to issue that some or all of the material covered by the subpoena or order
8  is the subject of this Protective Order.

9  ///
10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

16. **Enforcement.** This Order and Agreement may be enforced by an Order of specific enforcement, as well as any claim for damages. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

Agreed to by:

Dated: February 26, 2013.

ERICKSON, THORPE & SWAINSTON, LTD.

By: /s/
THOMAS P. BEKO, ESQ.
*Attorneys for Defendant Nye County School District*

PARKER, SCHEER, LAGOMARSINO

By /s/
ANDRE M. LAGOMARSINO, ESQ.
*Attorneys for Plaintiff*

MARQUIS & AURBACH

By: /s/
CRAIG ANDERSON, ESQ.
*Attorneys for Defendants Cummings and Dushane*

THORNDAL, ARMSTRONG, DELK, BALKENBUSH & EISINGER

By: /s/
PHILIP GOODHART, ESQ.
*Attorneys for Defendant Hopkins*

PITEGOFF LAW OFFICE

By: /s/
JEFFREY I. PITEGOFF, ESQ.
*Attorneys for Defendant Lepisto*

## ORDER

IT IS SO ORDERED.

DATED this 4th day of March, 2013.

By: _____
Honorable Carl W. Hoffman
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, hereby declare that I have received a copy of, read, and understand the Stipulated Protective Ordered entered in <u>JONATHAN MCNEAL, a minor, by and through his natural parents, Tammie McNeal and Kevin McNeal, Plaintiff, v. NYE COUNTY SCHOOL DISTRICT, a political subdivision of the State of Nevada; SARAH HOPKINS, individually; HOLLY LEPISTO, individually; PHYLLIS DUSHANE, individually; KATHRYN CUMMINGS, individually; Defendants,</u> United States District Court for the District of Nevada, Case No. 2:12-cv-01717-GMN-CWH, on _____ [DATE] (the "Protective Order"). I hereby acknowledge that I have received confidential documents and information, as defined in the Protective Order, and, on pain of contempt of court, I hereby declare that, I will not disclose any part of the confidential documents and information to any third party without consent of an attorney of record in this case, I will use my best efforts to maintain the confidential nature of the documents and information, and I will return or destroy the confidential documents and information in accordance with the terms of the Protective Order.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed on _____ [DATE].

_____
(Signature)

_____
(Printed Name)