# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Jonathan McNeal, a minor by and through his natural parents Tammie McNeal and Kevin McNeal<br><br>Plaintiff<br><br>v.<br><br>Nye County School District, et al.<br><br>Defendants<br>_____<br>Ronda Coleman and Michael Coleman, on behalf of minors Logan Coleman and Collin Coleman<br><br>Plaintiff<br><br>v.<br><br>Nye County School District, et al.<br><br>Defendants | Base Case No.: 2:12-cv-1717-JAD-CWH<br><br>Consolidated Case Nos.:<br>2:12-cv-02011-JAD-CWH<br>2:12-cv-02006-JAD-CWH<br><br>**Order Denying Motions in Limine Without Prejudice** |

These consolidated cases arise out of the alleged abuse of special-needs students in Nye County School District. The Plaintiffs have filed Motions in Limine 1-4 (Doc. 142), a Motion in Limine to Exclude Improperly Disclosed Witnesses and Documents (Doc. 143), and a Motion in Limine to Exclude Testimony Regarding Plaintiffs' Initial Inquiry with Dr. Roitman's Office (Doc. 148). It is obvious from these motions that counsel have not conferred with each other about their trial presentations to determine if any of these potential evidentiary issues are truly disputed. Many

1 if not all of these motions are premised upon some expectation that the opposing party may offer
2 something improper at trial. *See, e.g.*, Doc. 142 at 3 ("It is expected . . . "). Plaintiffs' request to
3 preadmit documents based on representations that proper foundation will be laid at trial is just
4 premature. *See, e.g., id*. at 8-9 ("Provided that Plaintiff lays the proper foundation via Ward's
5 testimony, Plaintiff asks that the Beko's statements within the newspaper article be deemed admitted
6 at the time of trial."). Some of the requests simply ask the Court to enforce the rules of evidence.
7 *See, e.g., id*. at 10 (requesting exclusion of collateral source benefits). And the request to exclude
8 late-disclosed documents and witnesses is also the subject of a recently filed motion to strike, the
9 resolution of which will likely impact the issues in that motion in limine. *See* Docs. 143, 147.

10      While the Court appreciates the possible intent of the parties to preview some potentially
11 problematic evidentiary issues, the way to do that is not by filing motions seeking blanket
12 invocations of rules without any context. And asking the Court to exclude or admit evidence without
13 even checking to see if an agreement on admissibility or foundation can be reached (or while other
14 issues are pending with respect to the very same issues) wastes everyone's time and the litigants'
15 resources. Counsel should confer first about all potential evidentiary issues before determining that
16 there is a true dispute that requires the Court's resolution.

17      IT IS HEREBY ORDERED that all of the Plaintiffs' motions in limine **(Docs. 142, 143, and**
18 **148) are DENIED WITHOUT PREJUDICE.** The parties are hereby ordered to meet and confer
19 about the substance of these (and any other contemplated or future) motions in limine. If agreements
20 are reached, the prophylactic goal may be obtained by incorporating the agreements into a stipulation
21 and proposed order for the Court to consider. Should the parties not reach an agreement and a
22 motion in limine become necessary, the motion must be accompanied by a declaration of counsel
23 that the attorneys for all affected parties conferred in good faith to resolve the issue before the
24 motion was filed. Failure to include such a declaration of counsel will result in the denial of the
25 motion.

26      Dated: June 10, 2014      _____
27                                Jennifer A. Dorsey
                                  United States District Judge
28                                2